STONE v. STONE.

1. DIVORCE—BED AND BOARD—EXTREME CRUELTY—EVIDENCE.
    Testimony supported trial court's finding that plaintiff 'wife had
        failed to prove her case against defendant for divorce from
        bed and board but not from the bonds of matrimony on the
        ground of extreme cruelty.

2. SAME—EXTREME CRUELTY—EVIDENCE.
    Trial court's finding that the material allegations of defendant
        husband's cross bill for absolute divorce on ground of extreme
        cruelty were true are concurred in by the Supreme Court on ap-
        peal.

3. SAME—DIVISION OF PROPERTY.
    Award of property at termination of marriage which had lasted
        about 30 years, whereby wife received home valued at $30,000,
        household furniture at $5,000, automobile at $2,500 and $200
        a month until she should remarry, and husband whose weekly
        salary was $300 was awarded factory valued at $26,000, sum-
        mer home at $12,000, other lots at $3,000, corporate stock at
        $4,700 and an automobile at $2,550 is not disturbed on appeal
        in view of the fact that the property was accumulated during
        the marriage largely as a result of husband's foresight, good
        judgment and consistent industry and wife's contribution was
        nothing more than ordinary frugality.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted June 13, 1951. (Docket No. 55, Calendar No.
45,167.) Decided December 3, 1951. Rehearing
denied January 7, 1952.

Bill by Anna Stone against Leo F. Stone for di-
vorce from bed and board. Cross bill by defendant
against plaintiff for absolute divorce on ground of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Generally as to divorce for cruelty, see 17 Am Jur, Divorce and
    Separation § 48 et seq.
[3] 17 Am Jur, Divorce and Separation § 445.

extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Edward P. Echlin,* for plaintiff.

*Schmier & Schmier (Sidney J. Karbel,* of counsel), for defendant.

Reid, C. J. Plaintiff Anna Stone filed her bill of complaint for a divorce from bed and board but not from the bonds of matrimony, for alimony and a property division. Defendant Leo F. Stone answered and in his cross bill prayed for an absolute divorce and a property division. Each party charged the other with extreme cruelty.

From a decree dismissing her bill of complaint and awarding defendant an absolute decree of divorce on his cross bill, plaintiff appeals.

The parties were married at Detroit, Michigan, on August 16, 1919. For most of the period since the marriage and for all the period since February 1, 1946, plaintiff has been a resident of Detroit, Michigan. Two children, a daughter and a son, were born of the marriage. Shirley Ann was 22 when the case was heard, and Frederick Leo was then 20.

Plaintiff admits that defendant was a good provider and that he was generous and uncomplaining in his allowances. Plaintiff claims defendant's attitude toward her changed in April or May, 1948, coincident with defendant's employment of a certain married woman as his secretary; that thereafter defendant became entirely different in his attitude toward plaintiff and the children; that as early as May, 1947, defendant began staying out late at night without plaintiff, and commenced drinking alcoholics, and on returning home at 3 or 4 a.m. his breath would reek with liquor, he would not tell plaintiff where he had been, called plaintiff a "g. d. skunk" and "son

of a b." and said to her, "You stink;" and that on
one occasion he beat her until her arm was black
and blue. Plaintiff further claims she found evi-
dence of defendant's intercourse with other women.

Defendant denied his alleged misconduct.

We do not deem it necessary to recite even in gen-
eralized substance the testimony of the parties them-
selves nor of the other witnesses on the subject of
plaintiff's claims as to her husband's (defendant's)
claimed wrongdoing and extreme cruelty. The trial
court found that the material facts charged by plain-
tiff against the defendant are untrue. The court con-
cluded the plaintiff wife for some reason or other is
laboring under a very strained mental condition,
and gave credence to defendant's testimony as
against plaintiff's. After a careful consideration
of all the testimony we agree with the conclusion
by the trial court, that plaintiff failed to prove her
case against defendant.

Defendant husband, as cross-plaintiff, alleges that
for 5 years prior to her commencement of suit, cross-
defendant (the wife) adopted an attitude of indif-
ference and lack of love for him, refused his prof-
fered love and embraces, told him to stay away from
her and leave her alone; that on many occasions
without reason she would fly into fits of rage and
anger toward him and refuse to speak to him for
days at a time; that she without just cause, about
2 years before the filing of the cross bill, flew into
a rage at him, left his bed and the parties' mutual
bedroom, and for 2 months slept on a cot in an
otherwise empty bedroom; that when a conference
of the parties with a priest was being held for the
purpose of a reconciliation, she broke off the confer-
ence; that in March, 1949, without just cause she
flew into a rage at him, grabbed a cup of coffee and
saucer out of his hand, threw the same at him; and
that for 14 months before filing of the cross bill

she refused to cook for plaintiff. Cross-defendant admitted that she called cross-plaintiff a "dirty polack"; it appears that his name was Kaminski but 5 years ago it was changed to Stone.

The trial court found the material allegations of the defendant husband in his cross bill to be true, with which conclusion we are in accord, and we consider the divorce granted cross-plaintiff should be affirmed.

At the time of the marriage, the parties were employees of Karp Coal & Ice. He drove a truck and she was a clerk, but resigned her position at defendant's request apparently 3 months after the marriage. A statement of approximate income of the defendant during the marriage appears in the record. He left the employment of the coal company and entered the employment of Thompson Auto and about 15 years ago he became president of Grico Two Axle Drive Company, which position he still holds. His annual income is about $20,000.

Defendant started the formation of Grico Two Axle Drive Company. He testified:

"I am president of Grico Two Axle Drive Company. It is special equipment that we build for light duty trucks for heavy hauling. We can take our unit, and a light truck, and make a carrying capacity of 12 tons on this truck. I am not the sole stockholder. The other stockholders are Mr. Hiecoch, Anstutz, and Mrs. Donovan. We all work for the company. The unit is not patented. We have our own franchise."

The report of the friend of the court recites:

"The defendant husband has submitted to the friend of the court the income tax return for the year 1949 which shows him to have a gross income of $19,071.81. The assets of the parties consist of the home located at 17178 Muirland avenue valued

at $30,000 upon which there is aproximately $4,000 due; a summer home at Silver lake valued at $12,000; household furniture in the sum of $5,000; an interest in the factory building located on 8 Mile road in the sum of $33,000 on which there is a mortgage of approximately $7,000. The husband also has stock in the Grico Two Axle Company valued at $4,700. Both parties own automobiles, the wife a 1948 Dodge and the husband a 1949 Mercury. They also have a vacant lot and an interest in a land contract, the total of which is about $3,000."

It becomes necessary to consider plaintiff's claim that the property awarded her is insufficient and less than what she is justly entitled to.

The trial court awarded plaintiff $200 per month, "until such time as the plaintiff and cross-defendant, Anna Stone, shall remarry," and also awarded her the Muirland home valued in the report of the friend of the court at $30,000, the household furniture, $5,000, and the Dodge automobile, $2,500. Defendant's weekly salary at the time of the hearing was $300.

The decree awarded the cross-plaintiff husband the factory (leased to Grico Company) valued at $26,000, the summer home at Silver Lake subdivision, Green Oak township, Livingston county, valued at $12,000, certain lots valued at $3,000, Grico stock valued at $4,700 and the Mercury automobile valued at $2,550, and required him to pay her $200 per month, as above indicated.

The plaintiff wife argues that the Muirland home is not worth $26,000, but it appears that she did not accept defendant's offer of $30,000 in cash in lieu of the home.

We see no just cause to disturb the award thus made, especially in view of the value to the wife of the monthly payments of $200 each. It is not without importance that the property was accumu-

lated by the parties during the marriage. Neither of the parties had any property of consequence at the time of the marriage. Their property interests represent accumulations and savings of income received from a business venture originated by the foresight and good judgment of defendant and carried on by him no doubt with consistent industry and somewhat unusual success. To the result the wife contributed nothing more than ordinary frugality at the most.

The decree appealed from is affirmed. Costs to defendant.

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.